IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| BOBBY MILLS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:08-CV-112 |
| | ) |
| AMERISOURCEBERGEN | ) |
| CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This civil action is before the court for consideration of plaintiff's "Motion for Summary Judgment" as to Count I of the complaint [doc. 17]. Defendant has filed a response in opposition to the motion [doc. 23], and plaintiff has submitted a reply [doc. 24].[1] Oral argument is unnecessary, and the motion is ripe for the court's determination.

Plaintiff has brought suit for alleged breach of contract, Count I of the complaint, and alleged age discrimination in violation of Tenn. Code Ann. § 40-21-101, Count II of the complaint. Plaintiff's motion for summary judgment seeks judgment as a matter of law as to his claim for breach of contract only. For the reasons that follow, the motion will be denied.

---

[1] The document is actually titled "Defendant's Reply Brief"; however, the filing is clearly plaintiff's reply to defendant's response to the summary judgment motion.

I.

*Background*

In 2005 plaintiff was the Director of Sales for defendant's Northeast Region. At that time, he was promoted to a newly created position of Vice President of Health Systems Solutions for the Northeast Region. On July 12, 2005, defendant and plaintiff entered into a "Confidentiality, Non-Solicitation and Non-Competition Agreement" ("the Agreement"). In return for complying with the confidentiality and non-compete terms, plaintiff would receive a severance pay equal to a year's salary, reimbursement for COBRA coverage, and bonus pay if entitled to it. However, by the terms of the Agreement, plaintiff would not be entitled to receive the severance pay if he were terminated for cause. The definition of "cause" in the Agreement that is at issue in this motion is:

> the continued failure by Employee to substantially perform Employee's duties (other than any such failure resulting from Employee's disability) over a period of not less than 60 days after a written demand for substantial performance is delivered to Employee by the person to whom Employee reports and the Human Resources representative responsible for the business group of which Employee is a member, which demand identifies the manner in which it is believed that Employee has not substantially performed Employee's duties and identifies the actions that must be taken by Employee to cure the substantial failure to perform.

In the fall of 2006, plaintiff committed to attaining $45 million in new business for the fiscal year 2007. By April or May 2007, plaintiff had closed only $4.4 million in new business. On Friday, August 10, 2007, during a telephone conference with his boss, the

2

concept of a Performance Improvement Plan ("PIP") was discussed with plaintiff. On Monday, August 13, 2007, plaintiff received by email the terms of a 60-day PIP. One of the requirements of the PIP was that he close the contracts he committed to or contracts of equal or greater value from other hospital systems during the 2007 fiscal year. On October 5, 2007, plaintiff was terminated by defendant, 53 days into the PIP. Plaintiff states that he has honored the covenant not to compete and other commitments in the Agreement, but defendant has refused to pay him his severance money.

II.

*Summary Judgment Standard*

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party may discharge its burden by demonstrating that the non-moving party has failed to establish an essential element of that party's case for which he or she bears the ultimate burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party need not support its motion with affidavits or other materials negating the opponent's claim. *Id.* at 323. Although the moving party has the initial burden, that burden may be discharged by a "showing" to the district court that there is an absence of evidence in support of the non-

3

moving party's case. *Id.* at 325 (emphasis in original).

After the moving party has carried its initial burden of showing that there are no genuine issues of material fact in dispute, the burden shifts to the non-moving party to present specific facts demonstrating that there is a genuine issue for trial. *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). "The 'mere possibility' of a factual dispute is not enough." *Mitchell v. Toledo Hosp.,* 964 F.2d 577, 582 (6th Cir. 1992) (citing *Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 863 (6th Cir. 1986)). In order to defeat the motion for summary judgment, the non-moving party must present probative evidence that supports its complaint. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). The non-moving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor. *Id.* at 255. The court determines whether the evidence requires submission to a jury or whether one party must prevail as a matter of law because the issue is so one-sided. *Id.* at 251-52.

III.

*Analysis*

Plaintiff contends that because he was terminated 53 days into his PIP and was not given the full 60 days, defendant has not met the definition of cause under the Agreement. Therefore, according to plaintiff, defendant has breached the contract, and he is entitled to the severance money defendant has not paid to him.

4

"Under Pennsylvania law, [2] a party asserting a breach of contract claim must demonstrate: (1) the existence of a contract and its essential terms, (2) a breach of a duty imposed by that contract, and (3) damages arising from the breach." *Strategic Learning, Inc. v. Wentz*, No. 1:05-CV-0467, 2006 WL 3437531, at *9 (M.D. Pa., Nov. 29, 2006) (citations omitted). Also under Pennsylvania law:

> When performance of a duty under a contract is due, any nonperformance is a breach. If a breach constitutes a material failure of performance, then the non-breaching party is discharged from all liability under the contract. If, however, the breach is an immaterial failure of performance, and the contract was substantially performed, the contract remains effective. In other words, the non-breaching party does not have right to suspend performance [if the breach is not material]. Whether a breach is so substantial as to justify an injured party's regarding the whole transaction as at an end is a question of degree; and must be answered by weighing the consequences in the actual custom of men in the performance of contracts similar to the one that is involved in the specific case.

*Sands v. Wagner*, No. 4:01-CV-1475, 2006 WL 1094555, at *2-3 (M.D. Pa. Apr. 25, 2006) (internal quotation marks and citations omitted) (quoting *Widmer Eng'g, Inc. v. Duvalla,* 837 A.2d 459, 467-468 (Pa. Super. Ct. 2003)).

When determining whether a breach has been material, the following factors have been adopted by Pennsylvania courts:

> (a) The extent to which the injured party will be deprived of the benefit which he reasonably expected;

---

[2] The Agreement at issue states at ¶ 6(d) that it "shall be interpreted, construed, and governed by and in accordance with the laws of the Commonwealth of Pennsylvania."

5

Case 2:08-cv-00112-RLJ-DHI Document 25 Filed 11/24/09 Page 5 of 8 PageID #: 259

(b) the extent to which the injured party can be adequately compensated for that part of that benefit of which he will be deprived;

(c) the extent to which the party failing to perform or to offer to perform will suffer forfeiture;

(d) the likelihood that the party failing to perform or to offer to perform will cure his failure, taking account of all the circumstances including any reasonable assurances;

(e) the extent to which the behavior of the party failing to perform or offer to perform comports with standards of good faith and fair dealing.

*Oak Ridge Constr. Co. v. Tolley*, 504 A.2d 1343, 1348 (Pa. Super. Ct. 1985) (citing Restatement (Second) of Contracts §241) (1981)).

Defendant has submitted deposition testimony and documentary evidence that it argues demonstrates as a matter of law that plaintiff cannot show a material breach of the Agreement occurred. For example, the PIP required plaintiff to close the contracts he committed to for the fiscal year 2007 or the equivalent amount. Defendant argues that plaintiff could not have reasonably expected to receive the severance package under these circumstances. In addition, defendant contends that it acted with good faith and fair dealing with the plaintiff. The declaration of John Palumbo, which describes some of plaintiff's conduct during the PIP, indicates that plaintiff may not have taken the opportunity to improve seriously. This proof raises issues regarding at least two of the factors for material breach. Thus, the court believes that there are material issues fact. Whether a breach is material is a question of fact. *Seaway Painting, Inc. v. D.L. Smith, Co.*, 242 B.R. 834, 838 (E.D. Pa.

6

1999) (citation omitted); *see also Sands*, 2006 WL 1094555, at *3 ("[T]he question whether there has been a material breach is ordinarily for the jury.") (and cases cited therein). Therefore, summary judgment is not appropriate.

Plaintiff also asserts that he is entitled to attorney fees on his breach of contract claim. He argues that it is inequitable that the Agreement provides for the defendant to obtain attorney fees for enforcement of its rights but no such benefit is extended to the employee, the plaintiff under the Agreement. Plaintiff asks to receive such fees under the "inherent authority of this Honorable Court." In his reply brief, plaintiff argues that under the Wage Payment and Collection Law ("WPCL") of Pennsylvania an employee who brings suit to collect a severance package is entitled to attorney fees. Plaintiff contends that therefore under the WPCL he is entitled to attorney fees and costs.

The plaintiff entered into the Agreement knowing that it only allowed for the defendant to obtain attorney fees and that no such provision existed to benefit him. Under Pennsylvania law, "a litigant cannot recover counsel fees from an adverse party unless there is express statutory authorization, a clear agreement of the parties, or some other established exception." *Trizechahn Gateway v. Titus*, 976 A.2d 474, 482-83 (Pa. 2009). The Agreement does not allow plaintiff to obtain attorney fees from defendant. This court has no "inherent power" to alter that basic rule.

With regard to plaintiff's contention that he is entitled to collect attorney fees and costs under the WPCL, plaintiff has not pled the WPCL. Therefore, he has not invoked

7

it in this case. The complaint contains no reference to the WPCL, so plaintiff has not even met the notice pleading requirements of Fed. R. Civ. 8. *Barnhart v. Compugraphic Corp.*, 936 F.2d 131, 135 (3$^d$ Cir. 1991) (WPCL provisions invoked in original and amended complaints in accordance with pleading requirements of Rule 8).[3] Thus, even if plaintiff had prevailed on his breach of contract action in this motion, he has not provided any basis on which he is entitled to obtain attorney fees and costs from the defendant.

Therefore, for all the reasons set forth herein, plaintiff's motion for summary judgment will be denied in its entirety. An order consistent with this opinion will be entered.

ENTER:

s/ Leon Jordan
United States District Judge

---

[3] Pennsylvania state pleading rules require that the WPCL be pled with specificity. *Morin v. Brassington*, 871 A.2d 844, 849 (Pa. Super. 2005) ("[T]he statutory penalties in the WPCL are 'special damages,' and, as such, need to be pleaded with specificity.").